**David Bryant WICKS, Plaintiff–Appellant,**

v.

**Faye CLAUD, et al., Defendants–Appellees.**

**No. 00–5785.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

### ORDER

David Bryant Wicks, a federal prisoner, appeals pro se a district court order dismissing his civil rights action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking his release and monetary damages, Wicks filed this action against Tennessee state officials whom he contended were falsely imprisoning him. Wicks alleged that Tennessee had first paroled him and then revoked his parole and reinstated a detainer against him so that he would have to serve his Tennessee sentence following his release from federal custody. He argued that a Tennessee statute which provides that sentences imposed in the same jurisdiction and to be served at the same place will run concurrently somehow applied to his Tennessee and federal sentences. The district court dismissed the complaint as frivolous, concluding that this action could only be filed as a petition for a writ of habeas corpus, following the exhaustion of state remedies.

On appeal, Wicks argues that the district court erred in not permitting him to proceed with a civil rights action based on false imprisonment. He asserts that he has both a state habeas corpus petition and a federal motion to vacate pending. The appellees, who did not participate below, have informed the court that they will not be filing a brief.

Upon review, we conclude that this complaint was properly dismissed as frivolous, as it lacks any arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The district court properly concluded that an action challenging the length of a sentence may only be brought as a petition for a writ of habeas corpus, following the exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Wicks concedes that he has not exhausted his state remedies. However, he argues that he may pursue a civil rights action for damages for false imprisonment simultaneous to his state court challenges. This argument is meritless, as the Supreme Court has held that, in order to recover damages for unconstitutional imprisonment, the sentence must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Because this complaint lacked any arguable basis in law, its dismissal as frivolous is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.